IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3199-FL

| | |
|---|---|
| HARVEY HARDEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| AMANDA TURNER; ANDREW ) | |
| RIDDICK; JAMES EASON; JOSEPH ) | |
| WILLIAMS; BROUGHTON ) | |
| BEAMAN; and LINTON JONES, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion to dismiss filed by defendants Amanda Turner ("Turner"), Andrew Riddick ("Riddick"), James Eason ("Eason"), Joseph Williams ("Williams"), Broughton Beaman ("Beaman"), and Linton Jones ("Jones") (DE # 21). The motion has been fully briefed and, in this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion.

## STATEMENT OF THE CASE

On December 14, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Turner and Riddick acted with deliberate indifference to his serious medical condition in violation of the Eighth Amendment to the United States Constitution. In particular, plaintiff asserts that Turner and Riddick failed to assist him in obtaining emergency medical care for his eye.

On January 6, 2010, plaintiff filed an amended complaint. Plaintiff alleges that Eason, Williams, Beaman, and Jones acted with deliberate indifference to his serious medical needs in

violation of the Eighth Amendment because they refused to provide him with an inhaler on September 6, 2009, while in segregation at Green County prison. Defendants filed a motion to dismiss on December 29, 2010, arguing that plaintiff's action should be dismissed for failure to exhaust administrative remedies, to which plaintiff responded.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) generally determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). However, an affirmative defense (such as failure to exhaust) may be decided on a motion to dismiss where the facts necessary to reach that decision appear on the complaint and the documents attached thereto. See Goodman v. Pixair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Because plaintiff's complaint contains the allegation that he took only the first step of the administrative process, and because plaintiff attached his administrative grievance to the complaint, consideration of defendants' motion pursuant to Rule 12(b)(6) is appropriate here.

B.  Analysis

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. See Woodford v. Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion under the PLRA is mandatory); Porter v. Nussle, 534 U.S. 516, 524 (2002) (same). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title,

2

or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).[1]

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6).

Plaintiff explicitly alleges in his complaint that he took only the first step in this grievance process with respect to his claims against Turner and Riddick . (Compl. ¶ II.1.) Moreover, the grievance attached to plaintiff's complaint is dated December 10, 2009, only four days prior to filing

---

[1] Plaintiff was incarcerated at the time he filed this action. However, information received from the North Carolina Divisions of Prisons indicates that he was subsequently was released from incarceration. This has no bearing on the court's consideration of defendants' motion, because an inmate's release from prison while his § 1983 action is pending does not exempt him from the PLRA's administrative exhaustion requirement. Cox v. Mayer, 332 F.3d 422, 424-25 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002).

3

Case 5:09-ct-03199-FL Document 27 Filed 06/02/11 Page 3 of 5

this action on December 14, 2009. (Id. at p. 6.) Four days obviously does not allow for sufficient time to complete the ARP, and exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . . ."). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted his claims against Turner and Riddick.

Plaintiff claims against Eason, Williams, Beaman, and Jones are similarly barred. Plaintiff states that he filed five grievance letters regarding his claim to Raleigh, North Carolina. (Am. Compl. 1.) The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. The DOC administrative remedy procedure requires that an inmate submit a written grievance to the DOC on Form DC-410. DOC ARP § .0310(a). Plaintiff's letters did not comply with the DOC administrative remedy procedure.[2] Thus, plaintiff did not properly exhaust his administrative remedies for his claim before filing this action. Thus, this action is DISMISSED WITHOUT PREJUDICE to allow plaintiff the opportunity to exhaust his administrative remedies.

---

[2] Much of this correspondence, including a response from DOC, dated August 11, 2009, which predates the September 6, 2009 incident complained of in his amended complaint, appears as attachments to plaintiff's amended complaint.

4

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 21) is GRANTED, and the action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5